UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DEMETRIUS BAIRFIELD,<br><br>Plaintiff,<br><br>v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:14-cv-02016 AC P<br><br><br><br>ORDER |

Plaintiff, an inmate at the Solano County Jail who is proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

I.      Procedural Background

While the instant civil rights action was not opened in this district until August 29, 2014, its procedural history dates back to January 3, 2014 when it was originally filed as a habeas corpus action in the Northern District of California. See ECF Nos. 1, 22. The original habeas corpus petition was dismissed with leave to amend on January 30, 2014 because it was "unclear exactly what Petitioner is challenging and whether the claims have been exhausted in state court." See ECF No. 6. On June 13, 2014, the Northern District of California screened petitioner's amended §2254 petition and once again dismissed it with leave to amend because it was not clear whether petitioner was challenging his criminal sentence or the conditions of his confinement.

1

ECF No. 13.  Petitioner was directed "to file either a proper 28 U.S.C. § 2254 petition on the enclosed habeas form or a proper 42 U.S.C. § 1983 complaint on the enclosed civil rights form."  Id.  The court provided guidance to petitioner on how to properly frame and exhaust a claim for either form of relief, and explained the differences in filing fees between a habeas corpus petition and a civil rights complaint.  Id. at 2-4.  In response to this order, petitioner filed the instant civil rights complaint on June 26, 2014.  ECF No. 15.

II.     Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more. . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1 that the defendant is liable for the misconduct alleged." Id.

2   In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421(1969).

III.   Complaint

In the instant complaint, petitioner asserts that he is challenging his conditions of confinement. ECF No. 15 at 4. However, the court's review of the complaint indicates that petitioner is actually challenging the execution of his criminal sentence based on the failure to apply the realignment law to his case and award him "two for one" custody credits. Id. Notwithstanding the fact that his only claim for relief would not entitle him to any monetary compensation, plaintiff requests money for his pain and suffering, specifically five million dollars. Id. at 3. He also requests that the two for one credits be applied to his sentence as well as "after care funding." Id.

IV.   Analysis

Petitioner's only claim for relief is simply not cognizable in a civil rights complaint. The exclusive statutory framework for challenging either the validity or the execution of a state court judgment is provided by 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1009-1010 (9th Cir. 2004) (adopting "the majority view that 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Even though petitioner is not challenging the validity of his five year sentence from the Solano County Superior Court, he is challenging the manner in which his custody credits are being applied to calculate his release date for that sentence. This constitutes a challenge to the execution of his state court sentence.

Plaintiff's request for monetary damages cannot transform the claim to one cognizable under the civil rights statute. This court will not allow a frivolous complaint to proceed merely because plaintiff seeks monetary damages when there is no viable legal basis for claiming such

3

damages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for in forma pauperis status (ECF No. 16) be denied as moot; and,

2. The complaint be dismissed without prejudice to refiling it as a habeas corpus petition in this district on the appropriate court-approved form; and,

3. The Clerk of Court shall send plaintiff the form § 2254 petition used in this district along with the accompanying in forma pauperis application.

DATED: September 8, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE